**Ocie M. WILLIAMS, Plaintiff,**

v.

**COLONIAL BANK, et al., Defendants.**

**Civ. A. No. 92–T–1379–N.**

United States District Court,
M.D. Alabama, N.D.

April 28, 1993.

416

Ocie M. Williams, pro se.

William Cater Elliott, Montgomery, AL, Joel S. Rogers, III, Rogers and Waid, John Hollis Jackson, Jr., Clanton, AL, for defendants.

William E. Knight, pro se.

### MEMORANDUM OPINION

MYRON H. THOMPSON, Chief Judge.

In this lawsuit, plaintiff Ocie M. Williams charges defendant Credit Bureau of Clanton with violating the Fair Credit Reporting Act, 15 U.S.C.A. §§ 1681–1681t (West 1982 & Supp.1993) ("FCRA").[1] The alleged FCRA violation stems from a credit report prepared by the Credit Bureau. Williams maintains that the Credit Bureau failed to reinvestigate a disputed item of information in violation of § 1681i(a) of the FCRA.[2] This cause is now

1. Initially, Williams also named Colonial Bank and William E. Knight as defendants in this lawsuit. He charged them with violating both the FCRA and the Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692–1692o. The court dismissed these defendants from this lawsuit pursuant to an order entered on March 23, 1993.

2. Although Williams is proceeding pro se and filed his lawsuit with a handwritten complaint, the court notes that he has extensive knowledge of the FCRA. *See Williams v. AVCO Financial Services*, 878 F.2d 1431 (4th Cir.1989) (Table, Text in WESTLAW) (unpublished disposition); *Williams v. AVCO Financial Services*, 865 F.2d 1262 (4th Cir.1988) (Table, Text in WESTLAW)

before the court on a motion for summary judgment filed by the Credit Bureau. For the reasons that follow, the court concludes that the motion should be granted.

## I. BACKGROUND

The relevant facts in this case are undisputed. In June 1992, Williams applied for a rural housing assistance loan through the Farmers Home Administration. Prior to issuing Williams a loan, the Farmers Home Administration requested a credit report from the Credit Bureau of Clanton. The Credit Bureau is a consumer reporting agency within the terms of the FCRA.[3] The report prepared by the Credit Bureau disclosed two public record items. The first item was a mortgage foreclosure notice dated April 1990 published in a local paper against Williams by Colonial Bank, which resulted in the sale of the property to another party. The second item was a materialmen's lien filed in April 1990 by William E. Knight in the amount of $14,702.00. The report indicated that the lien was paid in June 1990.

Upon receiving the credit report, the Farmers Home Administration determined that Williams was not eligible for a loan because of his credit history. When Williams learned of this decision, he approached the Credit Bureau and asked them to reinvestigate the two public record items that appeared on his credit report. Although Williams acknowledged that there was a mortgage foreclosure on his property, he maintained that it should not have been included in his credit report because the bank acted improperly in foreclosing on his mortgage. Similarly, he contested the materialmen's lien filed by Knight. Williams contended that Knight had no basis to file the lien and that the lien should not have appeared on his credit report, even though the credit report also revealed that the lien was satisfied of record. Williams thus admitted that the report accurately reflected the contents of the public records; nonetheless, he requested a reinvestigation because he maintained that the items listed were incorrectly placed in the public record by the bank and Knight. The Credit Bureau did not reinvestigate the two public record items at Williams's request. Williams then filed this lawsuit.

## II. DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The Credit Bureau claims that it is entitled to summary judgment for two reasons: first, because Williams has failed to state a claim upon which relief can be granted; and second, because the applicable statute of limitations has expired. The court concludes from the evidence that the Credit Bureau is entitled to summary judgment for the first but not the second reason.

### A.

The purpose of the FCRA is to assure consumers that reporting agencies use reasonable procedures for collecting, using, and disseminating information. 15 U.S.C.A. § 1681(b). Section 1681e of the Act sets out the requirements that an agency should follow in preparing a report, while

(unpublished disposition); *Williams v. AVCO Financial Services,* 838 F.2d 469 (4th Cir.1988) (Table, Text in WESTLAW) (unpublished disposition). In light of the nature of the claim he raises, the court has construed Williams's complaint as asserting a violation of § 1681i(a) of the FCRA.

Section 1681i(a) provides in pertinent part: "If the completeness or accuracy of any item of information contained in his file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that

information unless it has reasonable grounds to believe that the dispute by the consumer is frivolous or irrelevant."

3. Section 1681a(f) of the Act provides:
"The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."

§ 1681i outlines the procedures an agency should follow after a credit report is completed. Under § 1681i, if a consumer disputes the completeness or accuracy of any item of information after a report is prepared, the consumer reporting agency is required to reinvestigate and record the current status of that information. However, the FCRA also provides an exception to this obligation to reinvestigate where the agency "has reasonable grounds to believe that the dispute by the consumer is frivolous or irrelevant." *Id.*

The Eleventh Circuit Court of Appeals has interpreted § 1681i(a) of the FCRA as imposing a duty on the credit reporting agency to make "reasonable efforts" to investigate and correct inaccurate or incomplete information brought to its attention by the consumer. *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991). According to the appellate court, when a consumer brings a claim for violation of this duty, a court is "called upon to determine whether the credit reporting agency could have discovered an error in a particular report through a reasonable investigation." *Id.* Thus, the Eleventh Circuit has held that a claim under § 1681i(a) is properly raised when "a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry." *Id.* (emphasis in original).

■ In this case, Williams informed the Credit Bureau that he disputed the accuracy of the two public record items on his credit report. But the Credit Bureau did not reinvestigate these items of information in response to Williams's complaint. The court finds, however, that the Credit Bureau did not have a duty to reinvestigate in this case because it had "reasonable grounds to believe that the dispute ... [was] frivolous or irrelevant." § 1681i(a). Based on the evidence presented, the court finds that no reasonable investigation on the part of the Credit Bureau would have uncovered any inaccuracy in Williams's report because there was no factual deficiency. Williams contends that the two public record items should not have appeared on his credit record because he contests both the mortgage foreclosure and the materialmen's lien. But the evidence indicates that the Credit Bureau could not have reasonably discovered that Williams challenges both the foreclosure and the lien by rechecking the public records. Neither public record item discloses such a dispute. Moreover, as Williams himself admits, the credit report accurately reflected the status of the information contained in the public records. Thus, there was no factual deficiency that could have been remedied by reinvestigating the records. *See Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 55 (D.C.Cir.1984) (holding that credit reporting agency could not have reasonably discovered that a tax lien taken from a public record and reported on credit report was contested by consumer).

■ Furthermore, it is apparent that, with this lawsuit, Williams is really attempting to attack collaterally the information which underlies the credit report. A credit reporting agency has no duty, as a part of its reinvestigation, to go behind public records to check for accuracy or completeness when a consumer is essentially collaterally attacking the underlying credit information. For cases such as this, Congress provided a unique remedy for consumers who dispute how a particular credit item is characterized or interpreted on their credit report. Section 1681i(c) of the FCRA allows consumers to submit a statement setting forth their version of the dispute to be enclosed in their credit report. In this way, potential creditors can receive both sides of the story and reach an independent determination of how to treat a specific, disputed account. *See Cahlin v. General Motors Acceptance Corp.*, 936 F.2d at 1160 n. 23.

### B.

■ The Credit Bureau further contends that it is entitled to summary judgment because Williams's suit is timed-barred by the applicable statute of limitations. Section 1681p of the FCRA provides in pertinent part that "An action to enforce any liability created under this [Act] may be brought ... within two years from the date on which the liability arises." According to the Credit Bureau, this two-year limitations period began

to run when the two credit items at issue in this case were initially reported in the public record. Because both the mortgage foreclosure and the materialmen's lien were first reported in the public record in April 1990, the time period within which Williams could bring a claim under the FCRA would have expired in April 1992. Thus, according to the Credit Bureau, because Williams did not file his complaint until November 2, 1992, his claim is time-barred.

However, the Credit Bureau has cited no authority that indicates that the two-year limitations period would have been triggered in this case by the reporting of information in the public record. Nor has it offered any explanation for this position. Moreover, the court has discovered no support in either the statute or the case law for this position. In this case, Williams contends that the Credit Bureau failed to comply with the reinvestigation requirements of § 1681i(a). It is from this alleged failure to follow the procedures outlined in § 1681i(a) that the Credit Bureau's liability would arise, not from the mere reporting of the disputed information in the public record. The Credit Bureau had nothing to do with the placing of the two items in the public record. Williams's cause of action would thus appear to accrue from the time that the Credit Bureau allegedly violated its duty under the FCRA to reinvestigate.[4] *See Clay v. Equifax, Inc.,* 762 F.2d 952, 960–61 (11th Cir.1985) (suggesting that limitations period for violation of FCRA provision concerning disclosure of information triggered upon failure to disclose requested information). Although Williams does not specify on what date he conveyed to the Credit Bureau his dispute concerning the appearance of the mortgage foreclosure and lien on his credit report, the credit report was completed only on June 15, 1992. The court therefore finds that Williams's complaint was filed well within the two-year limitations period.[5]

Accordingly, for the reasons given above, the court concludes that the motion for summary judgment filed by the Credit Bureau should be granted.

### JUDGMENT

In accordance with the court's memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court:

(1) That the motion for summary judgment filed by defendant Credit Bureau of Clanton on April 12, 1993, be and it is hereby granted; and

(2) That judgment is entered in favor of defendant Credit Bureau of Clanton and against plaintiff Ocie M. Williams, with the plaintiff Williams taking nothing by his complaint.

It is further ORDERED that costs are taxed against plaintiff Williams, for which execution may issue.

---

4. Section 1681i(a) provides that a consumer reporting agency should reinvestigate disputed items of information within "a reasonable period of time."

5. Even if the court were to determine that the two-year limitations period began to run when the initial report was completed by the Credit Bureau or when the agency first issued the report to the Farmers Home Administration—events which have been suggested as triggering dates for the FCRA limitations period with regard to violations of § 1681e(b), *see Hyde v. Hibernia Nat. Bank,* 861 F.2d 446 (5th Cir.1988), *cert. denied,* 491 U.S. 910, 109 S.Ct. 3199, 105 L.Ed.2d 706 (1989); Martha F. Davis, *Solving Statute of Limitations Problems Under Fair Credit Reporting Act,* 18 Ind.L.Rev. 507 (1985)—Williams's complaint would still be timely filed. There is no basis, however, for the Credit Bureau's contention that the limitations period in this case was triggered by the reporting of the items in the public record.