**Vicky BRILEY, Plaintiff–Appellant,**

v.

**BURNS INTERNATIONAL SAFET-OHIRE.COM, INC. fka Borg–Warner Information Services, Inc., Defendant–Appellee.**

No. 01–5928.

United States Court of Appeals, Sixth Circuit.

Oct. 14, 2003.

Louis R. Lucas, Memphis, TN, for Plaintiff–Appellant.

Thomas L. Henderson, Lewis, Fisher, Henderson, Claxton & Mulroy, Memphis, TN, for Defendant–Appellee.

Before: NORRIS, DAUGHTREY, and ROGERS, Circuit Judges.

## OPINION

ROGERS, Circuit Judge.

This case involves an appeal from summary judgment in a case involving the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. (1998) (FCRA or Act). Appellant Vicky Briley filed suit against Burns International for failing to reinvestigate her background report after she informed Burns that the report contained incorrect information. The Act has a two-year statute of limitations. Briley did not file suit within two years of Burns's asserted failure to investigate, but Briley claimed that the statutory period should run from the (later) time that she herself distributed the old report to potential employers. Be-

cause the statute of limitations period began to run at the end of the thirty-day period following Briley's communication to Burns that the report was incorrect, Briley failed to file suit within the limitations period and, therefore, we AFFIRM the district court.

The material facts are undisputed. In 1997, while employed by ProTech Systems Group (ProTech),[1] Briley applied for a position with Computer Data Systems, Inc. (CDSI) and was turned down. Briley was told by an employee of CDSI that she was not hired because of something in her background check. In January 1998, she asked ProTech to run a background check on her and report its contents to her. ProTech then requested a background report from Burns. The report was prepared January 21, 1998, and it showed two criminal convictions: a misdemeanor assault conviction in Tennessee that Briley does not dispute, and a felony theft conviction for welfare fraud in Washington in 1991.

With respect to the welfare fraud conviction, Briley was charged with felony theft, but pleaded guilty to third degree welfare fraud, a misdemeanor in Washington. Briley contacted Burns between late January 1998, when she received the report, and February 23, 1998.[2] She asked Burns to change the record. Briley testified that one of Burns's representatives informed her that the company had relied on the court docket from Washington and that those records showed that she was convicted of a felony. Briley called Burns a second time and asked if the report had been changed. The representative said that it had not been changed. Briley testi-

fied that she made no further contact with Burns other than her two telephone conversations. The representative also instructed Briley that if she wanted her record changed she needed to contact a lawyer. No reinvestigation was ever performed. Briley contacted the attorney who had represented her in Washington, and the attorney confirmed in a letter dated February 23, 1998, that Briley had pleaded guilty to only a misdemeanor charge.

In June 1998, Briley took a position at a different company, but six months later she lost her job when her employer went out of business. From January to April 1999, Briley interviewed for at least four positions, and signed releases for background investigations. Briley supplied the report of January 21, 1998, to the prospective employers and explained the incorrect information, but she only received one job offer that was later rescinded. Burns cannot confidently confirm that it did not provide reports to these prospective employers, claiming that its hard drive crashed in mid–1999 and destroyed its records relating to Briley. Briley has not presented any evidence, however, that Burns did provide reports to the prospective employers, and none of the evidence presented showed that the prospective employers had contact with Burns.

Briley brought suit under FCRA, alleging in her complaint that Burns violated § 1681e(b), which requires that reporting agencies prepare consumer reports according to reasonable procedures. She also alleged that Burns had failed to investigate the report after Briley contacted Burns, thus implying that Burns violated

---

1. ProTech is a contracting company through which other companies hire employees. Through ProTech, Briley worked for FedEx.

2. February 23, 1998 is the latest possible date that Briley might have contacted Burns. Briley testified in her deposition that she contacted Burns between January 1998 and February 23, 1998.

§ 1681i(a)(1)(A). The district court granted summary judgment to Burns, finding that the statute of limitations barred Briley's claims.

The FCRA was enacted "to promote efficiency in the Nation's banking system and to protect consumer privacy." *TRW Inc. v. Andrews,* 534 U.S. 19, 23, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001). Section 1681e(b) requires a reporting agency to "follow reasonable procedures to assure maximum possible accuracy of the information" when it prepares a consumer report. 15 U.S.C. § 1681e(b). Section 1681a(d)(1) of FCRA defines a "consumer report" as, *inter alia,* a report relating to credit worthiness, credit standing, character, and personal characteristics. *Id.* at § 1681a(d)(1). A consumer has a cause of action under FCRA for damages sustained due to "negligent [or willful] failure of a reporting agency to comply with any requirement imposed by the Act." *Id.* at §§ 1681o, 1681n; *Hyde v. Hibernia Nat'l Bank,* 861 F.2d 446, 448 (5th Cir.1988); *see also Vonderheide v. IRS,* No. C–1–96–161,

1996 U.S. Dist. LEXIS 10463 (S.D.Ohio July 2, 1996).

Once a reporting agency is informed of a potential mistake, the agency has a duty to reinvestigate the report within thirty days. 15 U.S.C. § 1681i(a)(1)(A).[3] If the reporting agency does not reinvestigate within thirty days, the consumer may file suit within two years. 15 U.S.C. § 1681p.[4] The period runs from "the date on which liability arises."[5] *Id.*

We review the district court's grant of summary judgment *de novo. Talley v. Bravo Pitino Restaurant,* 61 F.3d 1241, 1245 (6th Cir.1995). Summary judgment will be granted where there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Material facts are only those facts that might affect the outcome of the action under governing law." *Talley,* 61 F.3d at 1245. "We must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the

---

3. Section 1681i(a)(1)(A) states as follows:

If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30–day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

   15 U.S.C. § 1681i(a)(1)(A).

4. Section § 1681p provides

An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court ... within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required

under this subchapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this subchapter, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

*Id.* at § 1681p.

5. There is an exception where "a defendant has materially and willfully misrepresented any information required under this subchapter to be disclosed to an individual" that permits the limitation period to run from discovery of the misrepresentation. *Id.* Briley has not alleged that this exception applies. *See TRW,* 534 U.S. at 22, 122 S.Ct. 441 ("Section 1681p's exception is not involved in this case; the complaint does not allege misrepresentation of information that the FCRA 'requires ... to be disclosed to [the plaintiff].' "). The district court in the present case found that "the facts of this case do not support application of the exception," and we agree.

nonmoving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002).

On appeal, Briley argues that because Burns refused to reinvestigate and correct the report, she (Briley) was compelled to distribute the report to prospective employers. According to Briley, her distribution of the report was the foreseeable result of Burns's failure to comply with the statute. She claims that whether her distribution of the report was the foreseeable result of Burns's inaction is a question of fact. Briley also asserts that her injury was caused by Burns's violation of FCRA and that the violation was continuous because Briley was required to give the report to prospective employers. Burns claims that it was never contacted by any of Briley's potential employers and that if it had been contacted, it would have issued a new report, not the one in Briley's possession.

The district court found that the thirty-day reinvestigation period had been invoked by Briley's phone call to Burns, and held that the statute of limitations barred the suit. The district court reasoned:

> No later than February 23, 1998, [Briley] contacted Defendant and made it aware of the disputed information. At that point, Defendant was under an obligation under § 1681i [sic [6]] to reinvestigate its findings.... Therefore, no later than March 23, 1998, Defendant's potential liability arose as to its failure to reinvestigate as required under

§ 1681n [sic [7]]. The two-year limitations period began running no later than that day and expired two years later on March 23, 2000. The filing of the Complaint did not occur until May 5, 2000, approximately one and one-half months (1 1/2) after the expiration of the allowable time period.

The district court also rejected Briley's argument that her disclosure of the report reset the statute of limitations. The district court held that the language of the FCRA did not permit liability for self-publication of a report for two reasons. First, the court reasoned that since FCRA only covers "the provision of consumer reports by the reporting agency," republication of an old report by a plaintiff does not constitute a reporting of information by a credit reporting agency.[8] The court found that this conclusion was warranted because "[t]o create liability of a reporting agency based upon a plaintiff's self-published report would greatly expand the coverage of the act in a manner not contemplated by its terms." Second, the district court found that since a defendant cannot be liable for a plaintiff's self-publication under state defamation law, a reporting agency cannot be liable for a consumer's self-publication of a consumer report under FCRA.

Initially, we reject Briley's arguments that this case presents a question of fact. The threshold question is one of law: whether the statute of limitations bars her claim.

---

6. The statutory provision that requires reinvestigation is § 1681i(a). Section 1681n provides the civil liability of a person for willful noncompliance with the Act.

7. The date should read March 25, not March 23, since February had 28 days in 1998. Regardless, the statute of limitations was still exceeded.

8. Section 1681a(d)(1) defines a "consumer report" as any "written, oral, or other communication of any information by a consumer reporting agency." "[T]he transmission of public arrest information satisfies the definition of 'consumer report.'" *Lewis v. Ohio Prof'l Elec. Network LLC*, 190 F.Supp.2d 1049, 1062 (S.D.Ohio 2002). Neither party disputes that the January 21, 1998 report is a consumer report.

We also reject Briley's argument that the statute of limitations does not bar her claim because Burns's failure to correct the report had continuing effects beyond January 21, 1998. As the district court found, a plaintiff's voluntary distribution of a report prepared previously does not constitute an independent violation of the FCRA by the reporting agency. An action pursuant to FCRA must be brought "within two years from the date on which the liability arises." § 1681p. Liability arises under § 1681i "when the consumer reporting agency 'allegedly violate[s] its duty under the FCRA to reinvestigate.'" *Parker v. Parker*, 124 F.Supp.2d 1216, 1221 (M.D.Ala.2000) (citation omitted); *see also Williams v. Colonial Bank*, 826 F.Supp. 415 (M.D.Ala.1993) ("It is from [the] alleged failure to follow the procedures outlined in § 1681i(a) that [defendant's] liability would arise." *Id.* at 419.).

On this appeal Briley focuses on her claim under § 1681i(a)(1)(A), which requires a reporting agency to reinvestigate disputed inaccuracies in a consumer's file, and not under § 1681e(b), which requires a reporting agency to follow reasonable procedures when preparing a consumer report. Moreover, even with regard to a claim under § 1681e(b), the phrase "date on which the liability arises" for a § 1681e(b) claim means the date upon which the erroneous information is transmitted by a *credit agency*, not by the consumer herself. *See Hyde*, 861 F.2d at 449.

In the present case, the date upon which liability arose was at the latest March 25, 1998, thirty days after the latest date reflected by the record for when Briley contacted Burns about the error. Therefore, the statute of limitations began to run on Briley's claim under § 1681i(a)(1)(A) on March 25, 1998. Because Briley filed suit more than two years after March 25, 1998,

her claim is barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, the order of the district court is AFFIRMED.