**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JASON DENNIS,
　　　　　*Plaintiff-Appellant,*

　　　　　v.

BEH-1, LLC, a limited liability
company in the State of
California,
　　　　　*Defendant,*

　　　　　and

EXPERIAN INFORMATION SOLUTIONS,
INC., an Ohio corporation,
　　　　　*Defendant-Appellee.*

No. 04-56230

D.C. No.
CV-03-07064-R

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted
August 17, 2006—Pasadena, California

Filed September 25, 2007
Amended March 27, 2008

Before: Alex Kozinski, Chief Judge,
Diarmuid F. O'Scannlain and Jay S. Bybee, Circuit Judges.

Opinion by Chief Judge Kozinski

## COUNSEL

Louis P. Dell, Esq., Law Office of Louis P. Dell, Los Angeles, California, for the plaintiff-appellant.

Meir Feder, Jones Day, New York, New York; Alexander Frid, Jones Day, Los Angeles, California, for the defendant-appellee.

**ORDER**

The previous opinion, 504 F.3d 892 (9th Cir. 2007), is amended as follows. The petition for rehearing or rehearing en banc is denied; no further petitions may be filed.

Page 897, Column 1, Line 22

After <nonmoving party).> insert footnote 4, stating:

<In its petition for rehearing, Experian complains that we didn't give it an opportunity to be heard before entering summary judgment against it. *See Verizon Delaware, Inc.* v. *Covad Comm'cns Co.*, 377 F.3d 1081, 1092 (9th Cir. 2004). But Experian had ample opportunity to be heard on the reasonableness of its reinvestigation. Our first opinion discussed the issue at length. 485 F.3d 443, 446-47 (9th Cir. 2007) (per curiam). Dennis's petition for rehearing disputed that analysis and pointed out that Experian's reinvestigation overlooked the documents in his court file proving that his landlord's case against him was dismissed. Before granting Dennis's petition, we ordered Experian to respond. That order put Experian on notice that it should defend the reasonableness of its reinvestigation, and Experian's response engaged just this point.

Experian also complains that it hasn't had an opportunity to "introduce evidence" about the "overall reasonableness of its reinvestigation procedure." This concern is misplaced because there are no facts that Experian could produce that would alter our conclusion: A reinvestigation that overlooks documents in a court file, which expressly state that no adverse judgment was entered, is negligent as a matter of law.>

Page 897, Column 1, Lines 24-25

    Replace <for the jury> with <to be taken up>

Page 897, Note 4, Column 1, Line 5 — Column 2, Line 7

    Delete <In regard to . . . had been entered against Dennis.>

---

## OPINION

KOZINSKI, Chief Judge:

We address whether a credit reporting agency can be liable under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, when it overlooks or misinterprets documents in a court file.

### Facts

In October 2002, Jason Dennis was sued for unlawful detainer. Eventually, his landlord agreed to drop the suit, in exchange for $2,938.50, payable in installments. The parties agreed that no judgment would be entered against Dennis, and filed a written stipulation to that effect. The court's Register of Civil Actions inaccurately reports this event as: "11/25/2002 Court Trial Concluded - Judgment Entered." Two months later, after Dennis paid the promised sums, the parties presented a "Request for Dismissal," which the court clerk endorsed and filed. The corresponding Register entry accurately reports how this action resolved the dispute: "01/28/2003 Dismissal Without Prejudice - Entire Action, Filed & Entered."

Defendant Experian Information Solutions, Inc. subsequently prepared a credit report on Dennis, which indicated

that a "Civil Claim judgment" had been entered against him in the amount of $1,959. Dennis called Experian and informed it that the report was wrong, as he had settled the dispute and no judgment was ever entered against him.

Experian commissioned Hogan Information Services, a third-party public records vendor, to verify the disputed information. Hogan reported that the information Experian had was accurate and sent Experian a copy of the written stipulation between Dennis and his landlord, presumably as support for this conclusion. Experian thereupon advised Dennis that it would not amend the report.

Dennis sued Experian, alleging violations of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.10, and the FCRA. The district court granted summary judgment for Experian on all claims. On appeal, Dennis challenges only the summary judgment ruling on his federal claims arising from Experian's duty to maintain "reasonable procedures" to ensure the accuracy of credit reports under section 1681e(b), and its duty to reinvestigate the information Dennis disputed under section 1681i.[1] Because the district court granted Experian's motion for summary judgment in a terse order stating no reasons, we assume that the court adopted all arguments Experian presented in its motion.

---

[1]As noted, Dennis brought a series of claims under state and federal law. He presumably invites us to consider all of these by broadly framing the question presented to us as "[w]hether it was error for the trial court to grant summary judgment in favor of Experian." However, his brief presents argument only on his claims under sections 1681e(b) and 1681i. Dennis has therefore waived his right to appeal summary judgment on all other claims because they were not specifically argued in his brief. *See Greenwood* v. *FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim. . . . '[J]udges are not like pigs, hunting for truffles buried in briefs.'" (quoting *United States* v. *Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam))).

**Analysis**

**[1] 1.** The district court erred insofar as it held that Dennis couldn't make the prima facie showing of inaccurate reporting required by sections 1681e and 1681i. *See Guimond* v. *Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (section 1681e); *Williams* v. *Colonial Bank*, 826 F. Supp. 415, 418 (M.D. Ala. 1993) (section 1681i creates no duty to reinvestigate where "the credit report accurately reflect[s] the status of the information contained in the public records"). Experian's credit report on Dennis *is* inaccurate. Because the case against Dennis was dismissed, there could have been no "Civil claim judgment" against him: "A dismissal without prejudice . . . has the effect of a final judgment *in favor* of the defendant . . . ." *Gagnon Co.* v. *Nev. Desert Inn*, 289 P.2d 466, 472 (Cal. 1955) (emphasis added). Dennis has made the prima facie showing of inaccuracy required by sections 1681e and 1681i.[2]

**[2]** The district court also seems to have awarded summary judgment to Experian because Dennis didn't offer evidence of "actual damages" as required by section 1681o(a)(1). Here, too, the district court erred. Dennis testified that he hoped to start a business and that he diligently paid his bills on time for years so that he would have a clean credit history when he sought financing for the venture. The only blemish on his credit report in April 2003 was the erroneously reported judgment. According to Dennis, that was enough to cause several lenders to decline his applications for credit, dashing his hopes of starting a new business. Dennis also claims that Experian's error caused his next landlord to demand that Den-

---

[2]It is true that Dennis was required to pay money to the landlord as a condition for obtaining the dismissal, and Experian's report would have been accurate had it reported that Dennis settled a lawsuit against him, and on what terms. (The parties have not briefed and we do not consider whether being sued and settling are events that may be included in a credit report under federal or state law.) But the report was certainly not accurate in identifying the settlement as a "Civil claim judgment" against Dennis.

3156 DENNIS v. EXPERIAN INFORMATION SOLUTIONS

nis pay a greater security deposit. In addition to those tangible harms, Dennis claims that Experian's inaccurate report caused him emotional distress, which we've held to be "actual damages." *See Guimond*, 45 F.3d at 1332-33.

**[3]** Dennis has shown that Experian's credit report was inaccurate and he has offered credible evidence of actual damages. We therefore reverse the summary judgment for Experian. This doesn't mean that Experian is strictly liable for the inaccuracy of its reports. At trial on the section 1681e(b) claim, Experian remains free to argue (based, perhaps, on the inaccurate Register entry of November 25, 2002) that it should be exonerated because it followed "reasonable procedures to assure maximum possible accuracy." 15 U.S.C. § 1681e(b); *see Sarver* v. *Experian Info. Solutions, Inc.*, 390 F.3d 969, 971-72 (7th Cir. 2004).

**[4] 2.** After Dennis notified Experian of the error, Experian had a duty to "conduct a reasonable reinvestigation to determine whether the disputed information [was] inaccurate." 15 U.S.C. § 1681i(a)(1)(A). By granting summary judgment to Experian, the district court held that the company complied with its reinvestigation obligations. Here again, the district court erred.

Experian asked Hogan Information Services to review Dennis's court file. That file contained exactly what Dennis and the court Register said that it contained: the "Request for Dismissal," which resulted in the dismissal of the entire action. Hogan's investigator seems to have overlooked this document, or failed to understand its legal significance, because he reported back that judgment *had* been entered against Dennis.

**[5]** Experian could have caught Hogan's error if it had consulted the Civil Register in Dennis's case, which can be viewed free of charge on the Los Angeles Superior Court's excellent website.[3] As described above, the Register clearly

[3]Superior Court of California—County of Los Angeles, http://www.lasuperiorcourt.org. To view the Register of Actions in Den-

indicates that the case against Dennis was dismissed. Experian apparently never looked at the Register.

**[6]** Experian also could have detected Hogan's mistake by examining the document Hogan retrieved from Dennis's court file. Hogan mistakenly believed that this document proved that judgment had been entered against Dennis; in fact, the document confirms Dennis's account of what happened. The document is a written stipulation between Dennis and his landlord that no judgment would be entered against Dennis so long as Dennis complied with the payment schedule. The parties couldn't have been clearer on this point: "If paid, case dismissed. If not paid, judgment to enter upon [landlord's] declaration of non-payment . . . ." The parties altered the pre-printed form accordingly. They crossed out part of the document's title ("STIPULATION ~~FOR JUDGMENT~~"); wrote "NO JUDGMENT SO LONG AS PAYMENTS MADE" over "Judgment shall be entered in favor of plaintiff"; and struck the final line, "~~Judgment is hereby ordered~~," replacing it with "Stipulation Approved." Experian incorrectly interpreted this document as an entry of judgment against Dennis.

**[7]** Ordinarily we would remand Dennis's claim for trial so that a jury could determine whether Experian's failure to reinvestigate was negligent. Here, however, a remand would be pointless. Even accepting as true everything Experian has claimed, no rational jury could find that the company wasn't negligent. The stipulation Hogan retrieved from Dennis's court file may be unusual, but it's also unambiguous, and Experian was negligent in mis-interpreting it as an entry of judgment. Experian is also responsible for the negligence of Hogan, the investigation service it hired to review Dennis's court file. Hogan appears to have overlooked the legal significance of the Request for Dismissal and the Register entry

nis's case, one would click on the "Case Summaries" link beneath the "Civil" heading, and enter the case number, 02U17296.

showing that the case against Dennis was dismissed. *See again Gagnon*, 289 P.2d at 472 ("A dismissal without preju-dice . . . has the effect of a final judgment in favor of the defendant . . . .").

[8] When conducting a reinvestigation pursuant to 15 U.S.C. § 1681i, a credit reporting agency must exercise rea-sonable diligence in examining the court file to determine whether an adverse judgment has, in fact, been entered against the consumer. A reinvestigation that overlooks docu-ments in the court file expressly stating that *no* adverse judg-ment was entered falls far short of this standard. On our own motion, therefore, we grant summary judgment to Dennis on his claim that Experian negligently failed to conduct a reason-able reinvestigation in violation of section 1681i. *See Bird* v. *Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1152 (9th Cir. 2001) (authority to grant summary judgment to a non-moving party).[4] Whether Experian's failure was also willful, in viola-tion of section 1681n, is a question to be taken up on remand.

---

[4]In its petition for rehearing, Experian complains that we didn't give it an opportunity to be heard before entering summary judgment against it. *See Verizon Delaware, Inc.* v. *Covad Comm'cns Co.*, 377 F.3d 1081, 1092 (9th Cir. 2004). But Experian had ample opportunity to be heard on the reasonableness of its reinvestigation. Our first opinion discussed the issue at length. 485 F.3d 443, 446-47 (9th Cir. 2007) (per curiam). Dennis's petition for rehearing disputed that analysis and pointed out that Experi-an's reinvestigation overlooked the documents in his court file proving that his landlord's case against him was dismissed. Before granting Den-nis's petition, we ordered Experian to respond. That order put Experian on notice that it should defend the reasonableness of its reinvestigation, and Experian's response engaged just this point.

Experian also complains that it hasn't had an opportunity to "introduce evidence" about the "overall reasonableness of its reinvestigation proce-dure." This concern is misplaced because there are no facts that Experian could produce that would alter our conclusion: A reinvestigation that over-looks documents in a court file, which expressly state that no adverse judgment was entered, is negligent as a matter of law.

\* \* \*

This case illustrates how important it is for Experian, a company that traffics in the reputations of ordinary people, to train its employees to understand the legal significance of the documents they rely on. *See generally* Rudy Kleysteuber, Note, Tenant Screening Thirty Years Later: A Statutory Proposal To Protect Public Records, 116 Yale L.J. 1344, 1356-64 (2007). Because Experian negligently failed to conduct a reasonable reinvestigation, we grant summary judgment to Dennis on this claim. We remand only so that the district court may calculate damages and award attorney's fees.[5] As to all other claims under the Fair Credit Reporting Act, we reverse summary judgment for Experian and remand for trial. Dennis is also entitled to attorney's fees for an entirely successful appeal. 15 U.S.C. § 1681o(a)(2). We refer the case to the Appellate Commissioner for determination of the amount of fees.

**REVERSED and REMANDED. REFERRED TO THE APPELLATE COMMISSIONER FOR DETERMINATION OF ATTORNEY'S FEES.**

---

[5]Because we grant summary judgment to Dennis on his claim that Experian negligently failed to reinvestigate, the district court shall award Dennis fees for that claim under section 1681o(a)(2).