

FILED

AUG 31 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICIA BLACKBURN; et al.,

        Plaintiffs - Appellants,

  v.

STATE OF WASHINGTON
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES; et al.,

        Defendants - Appellees.

No. 13-35920

D.C. No. 3:11-cv-05385-RBL
Western District of Washington,
Tacoma

ORDER

Before: NGUYEN and FRIEDLAND, Circuit Judges and ZOUHARY,[*] District

Judge.

      The memorandum filed on July 27, 2015 is amended. Plaintiffs' Petition

for Panel Rehearing is DENIED. No further petitions for rehearing or rehearing en

banc will be entertained. Plaintiffs' motion to stay the mandate is DENIED.

---

[*]     The Honorable Jack Zouhary, District Judge for the U.S. District Court for
the Northern District of Ohio, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 31 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA BLACKBURN; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES; et al., <br><br> Defendants - Appellees. | No. 13-35920 <br><br> D.C. No. 3:11-cv-05385-RBL <br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 10, 2015
Seattle, Washington

Before: NGUYEN and FRIEDLAND, Circuit Judges and ZOUHARY,[**] District Judge.

Nine employees of a state mental hospital in Washington ("Plaintiffs")

appeal the district court's grant of summary judgment against them. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

1

Following entry of summary judgment, Plaintiffs brought suit in state court challenging the same race-based staffing practice at issue here. After a bench trial, the state court concluded that the duration of the staffing practice was limited to a single weekend. We give preclusive effect to that determination. *See Christensen v. Grant Cty. Hosp. Dist. No. 1*, 96 P.3d 957, 960-961 (Wash. 2004).

The individual defendants are entitled to qualified immunity with respect to Plaintiffs' equal protection claims under 42 U.S.C. § 1983 because, at the time they acted, it would not have been clear to a reasonable official that avoiding the assignment of African-American employees to care for a particular violent patient, when done temporarily in response to an imminent safety threat posed by the patient to African-American staff, violated the Equal Protection Clause. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083-85 (2011); *Johnson v. California*, 543 U.S. 499, 515 (2005); *Wittmer v. Peters*, 87 F.3d 916, 918-21 (7th Cir. 1996).[1] Under the specific facts of this case, Plaintiffs' claims under 42 U.S.C. §§ 1985 and 1986 also fail. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1040 (9th Cir. 1991).

---

[1] To the extent any individual defendant misunderstood whether the patient's threat pertained to all African-American staff instead of one particular staff member, the mistake was a reasonable one. *See Rudebusch v. Hughes*, 313 F.3d 506, 514 (9th Cir. 2002) (explaining that the qualified immunity standard "allows ample room for reasonable error on the part of the official," including "mistakes of fact and mistakes of law" (brackets omitted)).

Plaintiffs' Title VII claim based on racial discrimination fails because a *de minimis* change in work assignments does not constitute an adverse employment action. *See Robino v. Iranon*, 145 F.3d 1109, 1110 (9th Cir. 1998).

Plaintiffs have not demonstrated an entitlement to permanent injunctive relief because they have not shown an "immediate threat of substantial injury." *See Midgett v. Tri-Cty. Metro. Transp. Dist. of Or.*, 254 F.3d 846, 850 (9th Cir. 2001). Similarly, Plaintiffs' declaratory relief claim is not ripe for judicial resolution because Plaintiffs have failed to establish a likelihood of future injury. *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999).

Plaintiff Blackburn's retaliation claims under Title VII and the First Amendment fail because she did not suffer an adverse employment action. *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1112-13 (9th Cir. 2000); *Thomas v. City of Beaverton*, 379 F.3d 802, 807, 811 (9th Cir. 2004). Any challenge to the district court's dismissal of Plaintiffs' claim for retaliation under 42 U.S.C. § 1981 is waived due to Plaintiffs' failure to address that claim in their appellate briefing. *See, e.g.*, *Dennis v. BEH-1 LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008).

Plaintiff Dau's hostile work environment claim fails because the hospital took "remedial measures reasonably calculated to end the harassment." *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1120 (9th Cir. 2004).[2]

**AFFIRMED.**

---

[2] Plaintiffs' Motion to Correct the Record is DENIED because the document at issue was not before the district court. Defendants' Motion to Strike is GRANTED with respect to the reply brief's references to depositions in the state-court action, but DENIED in all other respects. Defendants' Motion for Judicial Notice is GRANTED with respect to the state-court's findings of fact and conclusions of law and the state-court judgment. We DENY the remainder of Defendants' request for judicial notice, as well as Plaintiffs' request for judicial notice, because additional state-court documents are not necessary to the determination of this case. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006). Moreover, the documents proffered by plaintiffs are not judicially noticeable for the facts asserted therein because those facts are "subject to reasonable dispute," and such disputes were resolved by the state court. *See* Fed. R. Evid. 201. Because we affirm on the merits, Defendants' Motion to Dismiss the Appeal is DENIED as moot.