**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 7 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT D. BOYDSTUN IV, | No. 16-35523 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-00429-HZ |
| v. | |
| U.S. BANK, DBA Elan Financial Services, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted May 18, 2018
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and LASNIK,** District Judge.

Robert D. Boydstun, IV appeals the district court's judgment in favor of

U.S. Bank in this Fair Credit Reporting Act ("FCRA") case. On appeal, he

challenges the district court's decision to exclude as irrelevant all evidence of

damages stemming from the denial of an equipment loan to Boydstun's company,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Miranda Homes, including the expert report and testimony of Greg Mettler, an appraisal expert. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's evidentiary determinations for abuse of discretion. *See Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1122 (9th Cir. 2004). We review the district court's interpretation of the FCRA de novo. *See Miranda v. Anchondo*, 684 F.3d 844, 849 (9th Cir. 2012). We affirm.

"While the FCRA expressly provides for 'actual damages' for a negligent or willful violation, [15 U.S.C.] §§ 1681n and 1681o also expressly provide that a violator is liable 'to that consumer.'" *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1122 (D. Nev. 2008). "In other words, Plaintiff must show Defendant's violation resulted in damages to Plaintiff *as a consumer*." *Id.* at 1122–23 (emphasis added). A consumer, in turn, is defined by the FCRA as an individual—not a corporate entity. *See* 15 U.S.C. § 1681a(c).

Miranda Homes' ultimately unsuccessful application for a forklift loan falls well outside the FCRA's purview because Miranda Homes is a corporation and not a consumer. The FCRA establishes that a consumer report refers to "any written . . . communication of any information by a credit reporting agency bearing on a consumer's credit worthiness . . . which is used or expected to be used or collected in whole or in part *for the purpose* of serving as a factor in establishing the *consumer*'s eligibility" for various authorized purposes. 15 U.S.C. § 1681(d)(1)

2

(emphases added).  It is clear that although Boydstun's credit report was consulted as part of the lender's second review of Miranda Homes' loan application, his report was used only to assess Miranda Homes' eligibility for a loan for company equipment—and not to establish Boydstun's personal eligibility for anything.  In other words, Citi Capital's decision to consult Boydstun's credit report based on his status as the owner of Miranda Homes did not transform Miranda Homes' non-consumer application for a forklift loan into Boydstun's consumer application for a forklift loan.

Nor has Boydstun presented any evidence or argument that the agency that prepared Boydstun's report for Citi Capital was misled into thinking or otherwise expected that the report would be used to establish Boydstun's personal eligibility for a loan.  *See Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1273–74 (9th Cir. 1990).

*Dennis v. BEH-1, LLC*, 520 F.3d 1066 (9th Cir. 2008) does not counsel in favor of a different outcome where, as here, the plaintiff successfully started a business and that business was denied a loan on the basis of its own credit as well as that of its owner's.  Accordingly, the district court did not abuse its discretion when it excluded all evidence of damages stemming from Miranda Homes' failed application for a forklift loan.  *See* Fed. R. Evid. 401.

**AFFIRMED.**

3