**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT SUSTRIK; SHARON BARNUM, | No. 19-15791 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-02866-RFB-NJK |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted July 13, 2020
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and TAGLE,** District Judge.

The Fair Credit Reporting Act ("FCRA") imposes requirements on credit reporting agencies, and provides a private cause of action for willful or negligent violations of those requirements. *See* 15 U.S.C. §§ 1681n, 1681o. Two FCRA

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

provisions, 15 U.S.C. § 1681i(a)(3)(B), (a)(6)(A), require a consumer be notified of the outcome of a reinvestigation triggered by the consumer's dispute about information in a credit report.

In this action, Robert Sustrik and Sharon Barnum allege that Equifax Information Services, LLC, violated the FCRA by failing to provide notice of the results of reinvestigations of items on their credit reports. Equifax had reinvestigated each disputed item and found no inaccuracies. Plaintiffs did not challenge the outcome of the reinvestigations, but only Equifax's failure to provide notice of the results. The district court granted summary judgment to Equifax, finding Plaintiffs had failed to "satisfy the prima facie element of inaccuracy as required by the Ninth Circuit for the FCRA claims arising under Section 1681i." We have jurisdiction over Plaintiffs' appeal under 28 U.S.C. § 1291 and affirm.

Although the text of the FCRA does not condition the duty to reinvestigate on inaccuracy in a credit report, we held in *Dennis v. BEH–1, LLC* that "section 1681i creates no duty to reinvestigate where 'the credit report accurately reflect[s] the status of the information contained in the public records.'" 520 F.3d 1066, 1069 (9th Cir. 2008) (alteration in original) (quoting *Williams v. Colonial Bank,* 826 F. Supp. 415, 418 (M.D. Ala. 1993)). We subsequently confirmed that "the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, . . . require[s] that an actual inaccuracy exist for a plaintiff to state a claim." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d

2

876, 890 (9th Cir. 2010). Under our precedent, the district court therefore did not err in holding that this suit failed because there was no genuine dispute that the information in the Plaintiffs' files was accurate.

**AFFIRMED.**