**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHERYL DAVIS, | No. 20-15667 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02181-APG-VCF |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| CARRINGTON MORTGAGE SERVICES, LLC; TRANS UNION LLC, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted March 3, 2021
San Francisco, California

Before: WARDLAW and GOULD, Circuit Judges, and PREGERSON,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Cheryl Davis appeals the district court's dismissal of her claims under the Fair Credit Reporting Act ("FCRA"). 15 U.S.C. §§ 1681i, 1681e. We have jurisdiction under 28 U.S.C. § 1291. We must "accept the complaint's well-pleaded factual allegations as true, and construe all inferences in the plaintiff's favor." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016). Considering this procedural posture, we reverse and remand.

1. The district court erred by concluding that Davis could not state a claim under 15 U.S.C. § 1681i because she did not sufficiently notify Experian of the nature of her dispute. A notice of dispute does not require precise language, and an "inadequate [] notification . . . does not [] eliminate the duty [to reinvestigate] altogether." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1107 (9th Cir. 2012) (citation omitted); *see also id.* at 1106 (characterizing the FCRA as "more concerned with substance than nomenclature").

In her dispute letter, Davis identified the disputed mortgage debt and included documents relevant to her claim. Davis included her prior bankruptcy petition, a letter from her mortgage servicer about the disputed mortgage, and her bankruptcy discharge order. The letter from Davis's mortgage servicer did not claim her mortgage was discharged; it merely recognized that "a Chapter 13 Bankruptcy . . . was [] discharged."

In combination with Davis's dispute letter, one could plausibly infer from

2

the documents Davis provided that she disputed whether Experian had mischaracterized her mortgage debt as discharged. As we must "construe all inferences in the plaintiff's favor" on a motion to dismiss, the district court erred in finding Davis did not plausibly claim she gave sufficient notice to Experian.[1] *See Ariz. Students' Ass'n*, 824 F.3d at 864.

2.      The district court also erred by concluding that Davis could not state a claim that Experian followed unreasonable procedures under 15 U.S.C. § 1681e(b).[2] Consumer reporting agencies ("CRAs") are required to "exercise reasonable diligence in examining [a] court file" and must "train [their] employees to understand the legal significance of the documents they rely on." *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1071 (9th Cir. 2008).

Here, the district court determined that (1) the mortgage servicer's letter and (2) Davis's bankruptcy documentation "provide[d] no contrary information" to inform Experian that Davis's mortgage was excepted from discharge. At this stage, we disagree. First, the mortgage servicer's letter merely recognized a

---

[1] Because the district court determined Davis did not provide notice, it did not address her claims that Experian did not follow notice procedures under § 1681i(a)(3)(B) or § 1681i(a)(6). As Davis plausibly claimed that she gave notice to Experian, further factual development is necessary to determine whether Experian complied with these provisions.

[2] The district court did not determine whether reporting the mortgage as discharged was accurate. Instead, it found Experian's procedures for determining whether the mortgage was discharged reasonable as a matter of law.

bankruptcy occurred and did not opine as to whether the specific mortgage debt was discharged. Second, Davis's claim that her mortgage was excepted from discharge pursuant to 11 U.S.C. § 1322 may be correct. *See* 11 U.S.C. § 1322(b)(2) (noting a Chapter 13 plan may not "modify the rights of holders of secured claims" if the claim is "secured only by a security interest in real property that is the debtor's principal residence").

Further factual development is necessary to determine whether Experian "underst[oo]d the legal significance of the documents" on which it relied. *See* *Dennis*, 520 F.3d at 1071. Because it is unclear at this early stage of proceedings whether the mortgage was in fact discharged—and, if so, whether Experian reasonably should have been able to determine that fact—the district court's finding that Experian "exercised reasonable diligence" in determining Davis's mortgage status was premature. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018) ("The reasonableness of a CRA's procedures is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question." (cleaned up and citation omitted)).

**REVERSED AND REMANDED.**

4