
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID LEONI, | No. 19-17175 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01408-RFB-VCF |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | MEMORANDUM[*] |
| Defendant-Appellee, | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted October 5, 2020
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and PREGERSON,[**] District
Judge.
Partial Concurrence and Partial Dissent by Judge PREGERSON

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

Appellant David Leoni (Leoni) appeals the district court's grant of summary judgment in favor of Appellee Experian Information Solutions, Inc. (Experian). Reviewing *de novo*, we affirm. *See Howard v. HMK Holdings*, LLC, 988 F.3d 1185, 1189 (9th Cir. 2021). Leoni failed to raise a material issue of fact regarding Experian's violation of 15 U.S.C. §§ 1681g(a)(1) or e(b) of the Fair Credit Reporting Act (FCRA). *See Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial.") (citations omitted). Moreover, assuming Experian negligently violated both statutory provisions, we affirm the district court's ruling that Leoni failed to establish actual damages. *See* 15 U.S.C. § 1681*o*(a)(1).

On August 1, 2016, a bankruptcy court discharged a debt Leoni owed to Military Star. Later that month, Leoni reviewed a copy of his Experian consumer disclosure. The tradeline for Military Star incorrectly showed that Leoni still owed the debt. At Leoni's request, Experian investigated the matter and mailed Leoni a reinvestigation report. Although Experian correctly reported that the Military Star debt had been discharged, it incorrectly noted in the account history that the debt had been "included in Chapter 13 Bankruptcy on November 08, 2016," a date

following the discharge. Leoni premises his claims on the erroneous "included in" bankruptcy date.

1. To establish a willful violation of the FCRA, Leoni was required to demonstrate that Experian "knowingly violate[d] the statute or recklessly disregard[ed] its requirements." *Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1031 (9th Cir. 2020). The record does not raise a material issue of fact that Experian knowingly or recklessly changed the "included in bankruptcy" date. Experian's error was, at most, the result of negligence.

2. To prevail on a claim for negligent violation of the FCRA, Leoni would have to establish that he suffered "actual damages." *See* 15 U.S.C. § 1681*o*(a)(1); *see also Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008), *as amended*. Leoni's asserted damages included: (1) he "avoided applying for credit for fear of being denied"; (2) "the inaccurate information could serve as a factor in Experian credit scores"; (3) he "suffered sleepless nights," *i.e.*, emotional distress; (4) he incurred "transportation costs"; and (5) "lost time considering issues related to the inaccurate credit reporting." Leoni, however, failed to offer proof of some of the asserted damages, and some of the categories are not compensable.

First, Leoni admitted that he feared credit denials not because of the "included in" bankruptcy date, but because of the bankruptcy on his record.

Second, Leoni points to no evidence in the record that the "included in bankruptcy" date lowered his credit score, as opposed to the bankruptcy itself.

Third, Leoni also admitted that his sleeplessness was related "to the fact that there's a bankruptcy on [his] credit report" and the fact that his wife was "not sleeping well, [so] I don't sleep because I'm worried about her," instead of "anything specific[] to Military Star." After Leoni's attorney objected to that question, Leoni added: "Which is connected -- the bankruptcy -- which is -- Military Star is included. It's all that." But this vague attempt to lump in the Military Star tradeline with his bankruptcy as an added source of emotional distress does not raise a genuine issue of material fact. *See Filipino Yellow Pages, Inc. v. Asian J. Publications, Inc.*, 198 F.3d 1143, 1152 (9th Cir. 1999) (holding that vague testimony did not create a genuine issue of fact).

Fourth, Leoni cites no authority in support of his claim of damages for the cost of traveling to his attorneys' office or the time he spent reviewing the credit reports. To the contrary, several district courts in this Circuit have declined to recognize such expenses as damages when they were incurred for the sole purpose

of correcting inaccurate reporting. *See, e.g., Moran v. Screening Pros, LLC*, No. 2:12-cv-05808-SVW-AGR, 2020 WL 4724307, at \*9 (C.D. Cal. July 30, 2020).[1]

Based on these rulings, we need not reach the class certification issue. *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).

**AFFIRMED**.

---

[1] We disagree with Leoni's reliance on *Ramirez* to support his contention that "a plaintiff's lost time for having to hire a lawyer is a cognizable actual damage." In the context of a class certification motion, we rejected the argument that the proposed class representative "was not typical of the class because his injuries were more severe than the injuries suffered by the rest of the class." *Ramirez*, 951 F.3d at 1033. One of the alleged "injuries" was the significant time he spent trying to correct the reporting issue and hiring a lawyer. *Id.* We did not hold that such an "injury" was compensable as actual damages. Rather, we only held that those facts did not defeat typicality. *See id.*

FILED

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Leoni v. Experian Information Solutions*, No. 19-17175
**Pregerson, District Judge, concurring in part and dissenting in part:**

Although I concur with much of the majority's disposition, I cannot agree that there is no genuine issue as to Leoni's emotional distress damages. Leoni's testimony that his worries were not related to "anything specific[] to Military Star" is not dispositive. Because Experian's reinvestigation report correctly indicated that Leoni no longer owed a debt to Military Star, it stands to reason that he was not concerned about "anything specific to Military Star." As the majority acknowledges, however, Leoni also testified that the Military Star tradeline and the underlying bankruptcy were connected. Even assuming that it was the underlying bankruptcy that so troubled Leoni, his worries could have been exacerbated by the Military Star tradeline, which erroneously indicated a bankruptcy that would remain on Leoni's credit report until late 2023, when in fact the bankruptcy was due to drop off of Leoni's report in early 2018. Indeed, Leoni testified about his frustration that his wife "wanted [improved credit] fast, and I told her I can't help you . . .. Because when can we get this credit done? When are we going to get a better credit report? . . . I tell her it's going to take a lot of time. And now I'm frustrated. Now I can't sleep. . . . Wait, just wait." This testimony supports the inference that Leoni suffered emotional damages as a result of the erroneous date in the Military Star tradeline, and not just from the underlying bankruptcy alone. Accordingly, I would reverse.