THOMPSON, C.J.
Jarvis Gaines appeals the revocation of his probation. We affirm.
The trial court found that Gaines had committed a simple battery on Taneca McCray, a felony battery on Reginald Burns, battery on a law enforcement officer, resisting a law enforcement officer with violence, and resisting a law enforcement without violence. We conclude that the evidence supports these findings. However, in Wallace v. State, 724 So.2d 1176 (Fla.1998), the court held that only one obstruction conviction could be sustained where the defendant had an altercation with two police officers. The court stated:
While the defendant may have committed more than one offense in his altercation with the officers, including possibly multiple assaults or batteries, or both, on law enforcement officers as were separately charged here, we conclude that his continuous resistance to the ongoing attempt to effect his arrest constitutes a single instance of obstruction....
Id. at 1181.
In the instant case, in the course of a 30-second struggle with the two arresting officers, Gaines pushed one officer, tried to pull away from the other, and tried to hit the other. Under Wallace, only one resisting charge arising out of this scuffle can be sustained. Wallace, however, would not disturb the trial court’s finding that Gaines committed a battery on a law enforcement officer. We note further that the additional obstruction charge could be sustained based on the testimony that Gaines gave an alias when asked by police to identify himself. See Rumph v. State, 544 So.2d 1150 (Fla. 5th DCA 1989).
We also think the evidence was sufficient to show that Gaines committed a felony battery on Burns. Gaines admitted hitting Burns but claimed it was in self defense. A conviction for felony battery requires a showing that the defendant caused “great bodily harm, permanent disability, or permanent disfigurement.” § 784.041, Fla. Stat.(2000). Burns testified that the blow knocked him to the ground, and that he sustained a “busted” lip, a loose tooth, and a cut on his hand. He received treatment at an emergency room, where he was advised to see a dentist for the tooth, and at the hearing the court noted a “shiny discoloration and mark” on his hand. We think this testimony is sufficient for a finding of felony battery. Compare, Owens v. State, 289 So.2d 472, 474 (Fla. 2d DCA 1974).
Gaines also claims that the felony battery violation must be stricken because the affidavit of violation alleged that he had committed an aggravated battery. The difference in pleading and proof, he contends, mandates relief. As a matter of due process, probation may not be revoked for conduct not charged in the affidavit *734 alleging a violation of probation. See e.g., Moser v. State, 523 So.2d 783 (Fla. 5th DCA 1988). Here, the affidavit of violation charged that Gaines committed an aggravated battery on March 1, 2000. The violation report form states when and where the incident occurred, that Gaines punched Burns, and that Burns fell as a result of the punch and sustained a large laceration in the lower lip area. Because Gaines was on notice of what he was being charged with, and because he alleges no prejudice as a result of the difference between the pleading and proof, he has shown no error in the court’s finding. See Freiheit v. State, 458 So.2d 1172 (Fla. 4th DCA 1984) (defendant afforded due process where affidavit of violation alleged burglary and court found defendant committed attempted burglary).
Finally, Gaines argues that the only violation supported by the evidence is obstruction of justice by giving an alias, and that therefore we should remand for reconsideration of the revocation and sentence. If it were true that the only viable violation, was for resisting without violence, we would remand for reconsideration. See e.g. Bell v. State, 773 So.2d 1201 (Fla. 3d DCA 2000). However, we think all of the violations found by the trial court were supported by the evidence, and that the proceedings afforded Gaines due process. Furthermore, even if the violation for resisting without violence were omitted, and even if the felony battery were to be reduced to simple battery, we would not remand because of the significance of the remaining violations. See e.g. Griffin v. State, 719 So.2d 972 (Fla. 4th DCA 1998).
AFFIRMED.
SHARP, W. and HARRIS, JJ., concur.