[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12923
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60327-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WINEX EUGENE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 15, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Winex Eugene pleaded guilty to distributing 5 grams or more of cocaine, in

violation of 21 U.S.C. § 841(a)(1), carrying a firearm in relation to a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and possessing firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). If a person is convicted of a felony controlled substance offense or felony crime of violence that he committed over the age of 18, like Eugene was, and he has two prior felony convictions that were either crimes of violence or controlled substance offenses, he is classified as a career offender under the sentencing guidelines. U.S.S.G. § 4B1.1(a). The district court determined that Eugene's two prior Florida convictions for felony battery and strong arm robbery were "crimes of violence" under the sentencing guidelines, U.S.S.G. § 4B1.2(a), and he was classified as a career offender, which increased his guidelines range from between 188 and 235 months' imprisonment to between 262 and 327 months' imprisonment. Eugene was sentenced to 262 months' imprisonment.

Eugene appeals from his sentence and asks that we determine whether his prior Florida felony convictions for battery and strong arm robbery are crimes of violence under the guidelines.

## II.

As part of his plea agreement, Eugene waived his right to appeal his conviction and all but three issues related to his sentence. Under the agreement, Eugene could appeal any sentence imposed above the statutory maximum for the

offense or as the result of an upward departure or variance from the guidelines. Eugene could also appeal the trial court's conclusion that his conviction for felony battery under Florida state law was a crime of violence under the sentencing guidelines. Eugene raises that last issue on appeal, but also asks us to decide whether his Florida conviction for strong arm robbery is a crime of violence. The government argues that we should not consider the latter issue because Eugene waived his right to appeal it. We agree.

We review the validity of a sentencing appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). The waiver must be made knowingly and voluntarily. *Id.* The waiver will be valid if the government can show that the district court specifically questioned the defendant about the waiver or that the record makes it clear that the defendant understood the significance of the waiver. *Id.*

At Eugene's change-of-plea hearing, the district court asked him if he understood that he had a right to appeal and that he would waive that right subject to certain conditions as part of the plea agreement. Eugene responded that he understood the waiver and its conditions and that he still wished to waive his right to appeal. He also said that he was waiving his right to appeal voluntarily.

Because we conclude that Eugene waived his right to appeal knowingly and voluntarily, and the question whether his conviction for strong arm robbery is a crime of violence was not an exception to the waiver, we dismiss that portion of his appeal. Because Eugene preserved his right to appeal whether Florida's felony battery law is a crime of violence under the sentencing guidelines, we now turn to that issue.

III.

We review *de novo* whether a defendant's earlier conviction is a crime of violence under the sentencing guidelines. *United States v. Harris*, 586 F.3d 1283, 1284 (11th Cir. 2009).

The sentencing guidelines define a crime of violence as

> any offense, under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosive, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). The district court concluded that Eugene's Florida conviction for felony battery was a crime of violence under the guidelines. Under Florida law, a person is guilty of felony battery if he "(a) actually or intentionally touches or strikes another person against the will of the other; and (b) causes great

bodily harm, permanent disability, or permanent disfigurement." Fla. Stat. § 784.041.

The Supreme Court recently considered whether Florida's simple battery statute, Fla. Stat. § 784.03, was a violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(c). *Johnson v. United States*, 130 S. Ct. 1265, 1268 (2010). Because the definitions of "violent felony" under ACCA and "crime of violence" under the sentencing guidelines are virtually identical, we consider cases interpreting one as authority in cases interpreting the other. *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010).

In *Johnson*, the Supreme Court concluded that Florida's simple battery statute was not necessarily a violent felony because a person could be convicted of the offense based on any unwanted, intentional physical contact, "no matter how slight." *Johnson*, 130 S.Ct. at 1270 (quoting *State v. Hearns*, 961 So.2d 211, 218 (Fla. 2007)). After reviewing the plain language of the statute, the Supreme Court defined "physical force" in the context of ACCA's definition of "violent felony" as "violent force—that is, force capable of causing physical pain or injury to another person." *Id.* at 1271; *see also United States v. Harris*, 608 F.3d 1222, 1226 (11th Cir. 2010). The Supreme Court reasoned that the minimal contact that

could result in a simple battery conviction was not "physical force," and thus not every conviction for simple battery in Florida was a violent felony under ACCA.

Although Florida's felony battery statute contains the same "actually and intentionally touching" language as the simple battery statute, the felony battery statute has an additional requirement. *Compare* Fla. Stat. § 784.041 *with id.* § 784.03. The felony battery statute also requires that the touching "cause[] great bodily harm, permanent disability, or permanent disfigurement." Fla. Stat. § 784.041. That language means that each touching that violates the felony battery statute is not only "capable of causing physical pain or injury to another person," *Johnson*, 130 S. Ct. at 1271, it must also actually cause great or permanent physical harm or injury to another person. *See* Fla. Stat. § 784.041. Thus it is impossible for one to be convicted of felony battery in Florida without having used "physical force" as defined in *Johnson*.

Because it is clear that Florida's felony battery statute, Fla. Stat. § 784.041, requires the use of force capable of causing physical pain or injury to another, Eugene's prior conviction under the statute was for a crime of violence. And because that means Eugene had two prior felony convictions for crimes of violence, he was appropriately classified as a career offender under the guidelines. Accordingly, we affirm his sentence.

**DISMISSED IN PART, AFFIRMED IN PART.**