# Matter of Juan RAMON MARTINEZ, Respondent

*Decided July 15, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A violation of section 220 of the California Penal Code is categorically a crime of violence under 18 U.S.C. §§ 16(a) and (b) (2006).

FOR RESPONDENT: Xavier Rosas, Esquire, Los Angeles, California

BEFORE: Board Panel: GRANT, MILLER, and MALPHRUS, Board Members.

GRANT, Board Member:

In a decision dated October 26, 2009, an Immigration Judge denied the respondent's motion to terminate removal proceedings, his application for a waiver under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), and his request for voluntary departure. The respondent has appealed from the Immigration Judge's decision. The appeal will be dismissed. The respondent's request for a waiver of the appellate filing fee is granted.

The respondent is a native and citizen of Honduras who was admitted to the United States on April 26, 1991, as an immigrant. On March 7, 1994, he was convicted of assault with intent to commit a felony in violation of section 220 of the California Penal Code. Based on this conviction, removal proceedings against the respondent were initiated, charging that he is removable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), as an alien convicted of an aggravated felony. The Immigration Judge found that the charge was sustained and ordered the respondent removed from the United States to Honduras.

On appeal, the respondent challenges the Immigration Judge's finding of removability. He argues that the Immigration Judge erred in finding that his conviction under section 220 of the California Penal Code is for a "crime

of violence" under 18 U.S.C. § 16 (2006), for which the term of imprisonment is at least 1 year, and that his offense is therefore an aggravated felony under section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2006). We review an Immigration Judge's findings of fact, including credibility findings, to determine whether they are "clearly erroneous." 8 C.F.R. § 1003.1(d)(3)(i) (2011). We review de novo all questions of law, discretion, and judgment and any other issues in appeals from decisions of Immigration Judges. 8 C.F.R. § 1003.1(d)(3)(ii).

In 1994, when the respondent committed his offense, section 220 of the California Penal Code provided as follows:

> Every person who assaults another with intent to commit mayhem, rape, sodomy, oral copulation, or any violation of Section 264.1 [acting in concert with another person to commit, by force or violence, rape or penetration of genital or anal openings by foreign object, etc.], 288 [lewd or lascivious acts with a child under age 14] or 289 [penetration of genital or anal openings by foreign object, etc.] is punishable by imprisonment in the state prison for two, four, or six years.

The Immigration Judge found that the respondent was convicted of assault with intent to commit rape and determined that this offense is a crime of violence under 18 U.S.C. § 16(a). Based on the conviction records, however, it is unclear that the respondent was, in fact, convicted of assault with intent to commit rape, as opposed to one of the other offenses enumerated in section 220. The respondent's plea was obtained pursuant to *People v. West*, 477 P.2d 409 (Cal. 1970), which means that he admitted a violation of section 220 but did not specify which predicate offense he intended to commit. We conclude, however, that even if the record does not establish that the respondent was convicted of assault with intent to commit rape, his conviction under section 220 is nevertheless for a categorical "crime of violence" in its own right under 18 U.S.C. § 16.

In applying the categorical approach, as set forth in *Taylor v. United States*, 495 U.S. 575 (1990), we compare the elements of the statute of conviction to a "crime of violence" under 18 U.S.C. § 16 to determine whether the "full range of conduct covered by [the criminal statute] falls within the meaning of that term." *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1225 (9th Cir. 2008) (quoting *Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir. 2002) (internal quotation marks omitted); *see also Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006) (stating that in determining the categorical reach of a State crime, the statutory language and its interpretation in judicial opinions should be considered).

Under 18 U.S.C. § 16(a), an offense is deemed to be a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical

force against the person or property of another."[1]  Section 220 requires that an assault be committed with a specific intent to use whatever force is necessary to complete the object offense against the will of the victim. *People v. Maury*, 68 P.3d 1, 44 (Cal. 2003); *People v. Davis*, 896 P.2d 119, 143 (Cal. 1995); *People v. Dillon*, 95 Cal. Rptr. 3d 449, 459 (Cal. Ct. App. 2009) (stating that section 220 requires "not only the specific intent to commit the underlying sexual act, but a specific intent to commit that act without the consent of the victim"); *People v. Soto*, 141 Cal. Rptr. 343, 349 (Cal. Ct. App. 1977) (noting that a conviction requires proof of "the assault and an intent on the part of defendant to use whatever force is required to complete the sexual act against the will of the victim").  In other words, one who violates section 220 must specifically intend to use whatever degree of physical force, including violent force, that might prove necessary to accomplish the object offense, thereby signaling to the victim that resistance will be met with violent coercion.

Furthermore, because the accused must intend to accomplish the object offense against the will of the victim, section 220 does not cover instances in which the victim "consents" in some sense to physical contact.  *See People v. Dillon*, 95 Cal. Rptr. 3d at 459.  Instead, the statute encompasses only those offenses in which the victim's will is overcome.  The respondent has identified no offense among those enumerated in section 220 that realistically would be accomplished with the "consent" of the victim.  Also, the statute punishes "assault with intent to commit" one of the listed offenses.  This language clearly does not describe a consensual act.  Some victims may prove unable to effectively resist the offender, so section 220 could be violated without actual violent force being used.  However, every violation of section 220 has as an element at least the "attempted" or "threatened" use of such force against the victim, which are alternative elements to the actual use of force under § 16(a).  Accordingly, we conclude that a violation of section 220 is categorically a "crime of violence" under 18 U.S.C. § 16(a).

For similar reasons we find that a violation of section 220 is also a crime of violence under 18 U.S.C. § 16(b), which encompasses "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  The substantial risk referred to in § 16(b) "relates *not* to the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another

---

[1]  For purposes of 18 U.S.C. § 16(a), the phrase "use of physical force" means the use of violent force.  *Matter of Velasquez*, 25 I&N Dec. 278, 282 (BIA 2010) (following *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010)).

might be required in committing a crime." *Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004); *see also United States v. Gomez-Leon*, 545 F.3d 777, 787 (9th Cir. 2008) (stating that to be a "crime of violence" under § 16(b), "the underlying offense must require proof of . . . a substantial risk that force will be *intentionally* used during its commission").

Moreover, the Supreme Court instructs us, in considering whether an offense qualifies as a crime of violence "by its nature" under § 16(b), to focus on the "ordinary" or "natural" meaning of the term "crime of violence." *Leocal v. Ashcroft*, 543 U.S. at 11. We do not rule out an offense simply because there exists a conceivable factual scenario in which the statute could be applied to conduct that would not constitute a crime of violence. *See James v. United States*, 550 U.S. 192, 208 (2007). Instead, we look to the risk of violent force that is present in the "ordinary" case arising under the statute of conviction. *Id.* (holding that "the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another").

As noted above, an offense under section 220, which is a felony under both California and Federal law, requires an assault, coupled with the specific intent to use whatever force is necessary to complete the object offense against the will of the victim. When such an offense is committed, there is always a "substantial risk" that its consummation may involve the intentional use of violent physical force against the victim, either to accomplish the initial assault or to overcome the victim's will, or both. Therefore, we hold that a violation of section 220 is a categorical "crime of violence" under 18 U.S.C. § 16(b).

In conclusion, the respondent's conviction under section 220 of the California Penal Code is for an aggravated felony under section 101(a)(43)(F) of the Act. The respondent is therefore removable as charged. He is also ineligible for a section 212(c) waiver because the "crime of violence" aggravated felony category under which he is charged has no statutory counterpart in the grounds of inadmissibility under section 212(a) of the Act. *See Matter of Brieva*, 23 I&N Dec. 766 (BIA 2005).[2] Finally, the respondent is ineligible for voluntary departure because he is deportable under section 237(a)(2)(A)(iii) of the Act as an alien convicted of an aggravated felony. *See* section 240B(b)(1)(C) of the Act, 8 U.S.C. § 1229c(b)(1)(C) (2006). Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[2] The Supreme Court recently granted certiorari to review our "statutory counterpart" jurisprudence in the context of a waiver under section 212(c) of the Act. *Judulang v. Holder*, 249 F. App'x 499 (9th Cir. 2007), *cert. granted*, 131 S. Ct. 2093 (2011).