# Matter of Mario FRANCISCO-ALONZO, Respondent

*Decided June 2, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In determining whether a conviction is for an aggravated felony crime of violence under 18 U.S.C. § 16(b) (2012), the proper inquiry is whether the conduct encompassed by the elements of the offense presents a substantial risk that physical force may be used in the course of committing the offense in the "ordinary case."

FOR RESPONDENT:  Juan C. Gomez, Esquire, Miami, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Andrew Brown, Assistant Chief Counsel

BEFORE:  Board Panel:  PAULEY, MALPHRUS, and MULLANE, Board Members.

PAULEY, Board Member:

In a decision dated October 4, 2010, an Immigration Judge determined that the respondent was not removable as an alien convicted of an aggravated felony under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2006), and granted a motion to terminate removal proceedings.  On October 27, 2011, we sustained an appeal by the Department of Homeland Security ("DHS") and remanded the record to allow the respondent to apply for relief from removal.

On remand, the respondent filed two motions to terminate, which the Immigration Judge denied.  However, in a decision dated April 2, 2014, she granted the respondent's motion to reconsider the denial of the motions, agreed with his arguments, and ordered the proceedings terminated.  Because of our prior remand order, the Immigration Judge certified the case for our review.  The DHS has challenged the Immigration Judge's termination of proceedings, and the respondent has requested summary affirmance of her decision.  The Immigration Judge's decision will be vacated and the record will be remanded for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Guatemala and a lawful permanent resident of the United States.  He admits that on

February 10, 2009, he was convicted of felony battery in violation of section 784.041(1) of the Florida Statutes, for which he was sentenced to a term of imprisonment of 24 months.[1] Based on this conviction, the DHS issued a notice to appear charging that the respondent is removable as an alien convicted of an aggravated felony—specifically, a "crime of violence" for which the term of imprisonment is at least 1 year, as defined in section 101(a)(43)(F) of the Act, 8 U.S.C. § 1101(a)(43)(F) (2006).[2]

In her initial decision, the Immigration Judge granted the respondent's motion to terminate proceedings, finding that his felony battery conviction was not categorically for a crime of violence under 18 U.S.C. § 16(b) (2006).[3] We reversed, concluding that because the Florida felony battery statute required that any intentional touching or striking must cause "great bodily harm, permanent disability, or permanent disfigurement," to commit the offense in the ordinary case, the assailant would necessarily use sufficient physical force to meet the definition of a "crime of violence" under 18 U.S.C. § 16(b).

In so ruling, we rejected the Immigration Judge's consideration of the "eggshell plaintiff" circumstance, in which a relatively mild touching causes great bodily harm to the victim because of his rare fragility. We referred to our decision in *Matter of Ramon Martinez*, 25 I&N Dec. 571 (BIA 2011), which cited *James v. United States*, 550 U.S. 192, 208 (2007), for the proposition that, in § 16(b) cases, we look to the risk of violent force that is present in the "ordinary case" arising under the statute of conviction. After reviewing Florida case law on felony battery, we determined that the

---

[1]   Section 784.041(1) of the Florida Statutes  provides, as follows:

A person commits felony battery if he or she:
(a) Actually and intentionally touches or strikes another person against the will of the other; and
(b) Causes great bodily harm, permanent disability, or permanent disfigurement.

[2]   For purposes of section 101(a)(43)(F) of the Act, a "crime of violence" is defined in 18 U.S.C. § 16 (2012) as

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

[3]   The Immigration Judge found that the DHS abandoned any argument that the offense was a crime of violence under 18 U.S.C. § 16(a).

"ordinary" prosecution of a battery offense did not involve an eggshell victim.

The Immigration Judge subsequently granted the respondent's motion to reconsider because of the intervening issuance of the United States Supreme Court's decision in *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). She concluded that in determining whether an offense is an aggravated felony under the categorical approach, the Court had moved from employing the "ordinary case" analysis to the "least culpable conduct" test. Applying this interpretation of *Moncrieffe*, the Immigration Judge found that the "least culpable conduct" prosecuted as a felony battery in Florida could be a mere touching where the requisite harm resulted because, for example, the victim had a "preexisting health condition."

## II.  ANALYSIS

The issue before us is whether, in determining if the offense of felony battery in violation of section 784.041(1) of the Florida Statutes is a categorical crime of violence under 18 U.S.C. § 16(b), we should employ the "ordinary case" analysis of *James* or the "least culpable conduct" test of *Moncrieffe*.[4]  We review this question of law under a de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii) (2014).

### A.  Categorical Approach

"To determine whether a state law offense qualifies as a crime of violence for immigration purposes, we employ a categorical approach, looking to the 'elements and the nature of the offense of conviction, rather than to the particular facts relating to [the alien's] crime.'"  *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 527 (11th Cir. 2014) (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004)); *see also Dixon v. U.S. Att'y Gen.*, 768 F.3d 1339, 1343 (11th Cir. 2014); *Matter of U. Singh*, 25 I&N Dec. 670, 677−78 (BIA 2012).  In applying the categorical approach, we must therefore compare the language of the Florida felony battery statute with the definition of a "crime of violence" under 18 U.S.C. § 16.

In determining whether a State statute is a categorical match to § 16(a) or other similar "elements-based" offenses in the Act, we consider whether

---

[4]  It is undisputed that we may use only the categorical approach in this case and that the modified categorical approach is inapplicable because the Florida felony battery statute is not divisible. *See United States v. Eady*, 591 F. App'x 711, 720 (11th Cir. 2014) (stating that the modified categorical approach cannot be applied to felony battery under section 784.041(1) because it "has a single, indivisible set of elements").

the elements of the statute of conviction are the same or narrower than those of the generic offense. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). More precisely, with regard to § 16(a), the question is whether the "use, attempted use, or threatened use of physical force against the person or property of another" is an element of the State offense. *See, e.g.*, *Accardo v. U.S. Att'y Gen.*, 634 F.3d 1333, 1336 (11th Cir. 2011); *see also United States v. Estrella*, 758 F.3d 1239, 1244−45 (11th Cir. 2014) (stating that when determining whether a State statute qualifies under the "elements-based" definition of a "crime of violence" in the U.S. Sentencing Guidelines, the central question is "whether the crime of conviction 'has' the element" of the generic offense). In deciding whether the State statute creates a crime that lies outside of the generic offense, we consider whether there is "a realistic probability" that the State would apply its statute to conduct that falls outside the generic definition of the offense. *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *see also Ramos v. U.S. Att'y Gen.*, 709 F.3d 1066, 1072 (11th Cir. 2013). To demonstrate a "realistic probability," the offender may point to his own case, if applicable, or to "other cases" in which the State court did, in fact, apply the statute in the "special (nongeneric) manner for which he argues." *Gonzales v. Duenas-Alvarez*, 549 U.S. at 193.

However, we have applied a different approach in considering whether a State offense qualifies as a crime of violence under § 16(b). *Matter of Ramon Martinez*, 25 I&N Dec. at 574. In analyzing such cases, we have looked to the Supreme Court's guidance in *Leocal v. Ashcroft*, 543 U.S. at 10, where the Court instructed that § 16(b) covers offenses that involve a person acting in reckless disregard of the risk that physical force might be used against another. This reckless disregard refers not to "the general conduct or to the possibility that harm will result from a person's conduct, but to the risk that the use of physical force against another might be required in committing a crime." *Id.*; *see also Dixon v. U.S. Att'y Gen.*, 768 F.3d at 1344. Moreover, the Court stated that in considering whether an offense qualifies as a crime of violence "by its nature" under § 16(b), we should focus on the "ordinary" meaning of the term "crime of violence." *Leocal v. Ashcroft*, 543 U.S. at 11 (stating that the "ordinary meaning of this term, combined with § 16's emphasis on the use of physical force against another person (or the risk of having to use such force in committing a crime), suggests a category of violent, active crimes"); *see also Matter of Ramon Martinez*, 25 I&N Dec. at 574.

We have also relied on *James v. United States*, 550 U.S. 192, where the Court compared a State criminal offense under Florida law to a provision similar to § 16(b) in the Armed Career Criminal Act at 18 U.S.C. § 924(e)(2)(B) (2006), which relates to convictions for a "violent felony."

*See, e.g.*, *Matter of U. Singh*, 25 I&N Dec. at 677−78; *see also Johnson v. United States*, 559 U.S. 133, 140 (2010) (recognizing the similarity in the two statutes).[5]  In its "residual clause," § 924(e)(2)(B)(ii) includes in the definition of a "violent felony" any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

In concluding that the Florida offense of attempted burglary qualified as a "violent felony," the Court noted in *James* that the residual clause "speaks in terms of a 'potential risk,'" which involves "inherently *probabilistic* concepts."  *James v. United States*, 550 U.S. at 207 (emphasis added).  Thus, the Court held that it is not necessary to determine whether *all* prosecutions of the State crime must create a risk of injury to others in order for the State statute to be a categorical match with § 924(e)(2)(B)(ii).  *See id.* at 208 (stating that the categorical approach does not require that "every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury").  Instead, "the proper inquiry is whether the conduct encompassed by the elements of the [State] offense, *in the ordinary case*, presents a serious potential risk of injury to another."  *Id.* (emphasis added).

Because § 16(b) defines the term "crime of violence" in "probabilistic" terms similar to the residual clause in § 924(e)(2)(B)(ii), we have applied *James* in § 16(b) cases and considered "the risk of violent force that is present in the 'ordinary' case arising under the statute of conviction."  *Matter of Ramon Martinez*, 25 I&N Dec. at 574; *see also Matter of Chavez-Alvarez*, 26 I&N Dec. 274, 282 (BIA 2014), *rev'd on other*

---

[5]   The term "violent felony" is defined in 18 U.S.C. § 924(e)(2)(B) in pertinent part as

> any crime . . . that—
>   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>   (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

(Emphasis added.)   Noting that § 924(e)(2)(B)(i) is "very similar" to § 16(a), the Supreme Court stated that "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person."  *Johnson v. United States*, 559 U.S. at 140.  The Court held that battery under section 784.03 of the Florida Statutes―which is similar to section 784.041(1) but does not require "great" bodily harm―is not a "violent felony" under § 924(e)(2)(B)(i).  However, the Court did not decide whether the offense "involves conduct that presents a serious potential risk of physical injury to another" within the meaning of the residual clause of § 924(e)(2)(B)(ii), which is similar to § 16(b) in terms of the "risk" involved.

*grounds*, *Chavez-Alvarez v. Att'y Gen. of U.S.*, 783 F.3d 478 (3d Cir. 2015); *Matter of U. Singh*, 25 I&N Dec. at 678.

Subsequent to *James*, the Supreme Court restated the method for determining whether a State offense qualifies as a predicate "element-based" aggravated felony under the categorical approach, namely, that when comparing a State offense to a generic Federal offense, we must examine "what the state conviction necessarily involved." *Moncrieffe v. Holder*, 133 S. Ct. at 1684 (citing *Shepard v. United States*, 544 U.S. 13, 24 (2005)). In so doing, the Court also ruled that it must presume that the conviction rested on nothing more than the least of the acts criminalized and then determine whether those acts are encompassed by the generic Federal offense. *Id.* (citing *Johnson v. United States*, 559 U.S. at 137). *Moncrieffe* has therefore changed how we consider the State offense in both the context of the "elements-based" Federal offenses and the broadly descriptive class of offenses in the Act, such as "sexual abuse of a minor" under section 101(a)(43)(A). In cases involving such offenses, we must now "look only to the *minimum conduct* that has a realistic probability of being prosecuted" under the State statute. *Matter of Esquivel-Quintana*, 26 I&N Dec. 469, 472 (BIA 2015) (emphasis added) (citing *Moncrieffe v. Holder*, 133 S. Ct. at 1684−85).

The question presented by the Immigration Judge's decision in this case is whether the "ordinary case" analysis in *James*, as applied to risk-based offenses, has been discarded or superseded by *Moncrieffe*. We conclude that it has not. Nothing in *Moncrieffe* purports to cast doubt on *James*, much less overrule it. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997) (stating that lower courts should not conclude that more recent cases have overruled an earlier precedent by implication); *see also Descamps v. United States*, 133 S. Ct. at 2293 n.6 (expressing no view on whether the State conviction qualified as a predicate offense under the "residual clause" of § 924(e)(2)(B)(ii)).

The United States Court of Appeals for the Eleventh Circuit, in whose jurisdiction this case arises, continues to apply the "ordinary case" analysis in cases where the Federal offense (or category of offense) is defined in probabilistic terms. *See United States v. Keelan*, No. 13-11878, 2015 WL 2215388, at *4 (11th Cir. May 13, 2015) (noting that "[a]ll other circuits to have examined the issue have held the proper inquiry under § 16(b) is whether the conduct encompassed by the elements of the offense raises a substantial risk the defendant may use physical force in the 'ordinary case', even though, at the margin, some violations of the statute may not raise such a risk"); *United States v. Travis*, 747 F.3d 1312, 1314−15 (11th Cir. 2014); *United States v. Eady*, 591 F. App'x 711, 720 (11th Cir. 2014); *see also United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014);

*United States v. Fish*, 758 F.3d 1, 10 (1st Cir. 2014); *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 854 (9th Cir. 2013). We therefore find it appropriate to continue to employ the *James* "ordinary case" analysis in considering whether a State offense is categorically a crime of violence under § 16(b).

### B. Application to Section 784.041(1) of the Florida Statutes

Under section 784.041(1) of the Florida Statutes a person commits felony battery if he "[a]ctually and intentionally touches or strikes another person against the will of the other" and in committing that act "[c]auses great bodily harm, permanent disability, or permanent disfigurement." We conclude that such conduct, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

Our review of Florida case law reveals that in the "ordinary case," felony battery under section 784.041(1) is a "violent" crime because the conduct required by the statute involves a substantial risk of physical force being used in the course of committing the offense. *Leocal v. United States*, 543 U.S. at 11. For example, in *T.S. v. State*, 965 So. 2d 1288 (Fla. Dist. Ct. App. 2007), the court agreed that there was sufficient evidence to support a conviction where the perpetrator punched a co-worker in the eye, causing her to suffer a fracture of the eye socket that required reparative surgery. *See also, e.g.*, *Lewis v. State*, 817 So. 2d 933 (Fla. Dist. Ct. App. 2002) (upholding the conviction where a punch to the victim's face required stitches and left a scar); *Gaines v. State*, 800 So. 2d 732 (Fla. Dist. Ct. App. 2001) (finding sufficient evidence for a felony battery conviction where the victim was knocked to the ground and sustained injuries that included a "busted" lip and loose tooth).

The Eleventh Circuit has determined that Florida felony battery under section 784.041(1) meets the "risk of injury" requirement of similar Federal statutes. *See United States v. Eady*, 591 F. App'x at 719−20 (ruling that felony battery met the definition of a violent felony under the residual clause of § 924(e)(2)(B)(ii)); *United States v. Eugene*, 423 F. App'x 908, 911 (11th Cir. 2011) (finding that felony battery was a crime of violence under section 4B1.2(a) of the U.S. Sentencing Guidelines). We recognize that the risk of injury is not the same as the risk of the use of violent physical force. *Leocal v. United States*, 543 U.S. at 10 n.7. However, in both *Eady* and *Eugene*, the analysis went beyond the consequences of the conduct to the conduct itself, namely, the force used. *See United States v. Eugene*, 423 F. App'x at 911 (stating that it was "impossible for one to be convicted of felony battery in Florida without having used 'physical

force'""). Furthermore, because the felony battery statute requires "not just a 'potential risk' of physical injury, but also that the physical injury actually occur," such a battery will "ordinarily" be committed "by conduct that is purposeful, violent, and aggressive." *United States v. Eady*, 591 F. App'x at 720.

The Immigration Judge concluded that "it appears that mere touching not amounting to force could be punished" under section 784.041(1). However, she did not provide examples of any such prosecutions in Florida. Instead, she cited to another alien's bond decision, which was not entered into the record. That decision is not relevant because it addressed whether the alien's conviction under section 784.041(1) was for a crime of violence under 18 U.S.C. § 16(a).

In any case, it does not support the conclusion that section 784.041(1) could be successfully applied to conduct that would not constitute a § 16(b) crime of violence in the "ordinary case." The "realistic probability" doctrine in *Moncrieffe* differs from the "ordinary case" analysis in *James*. Therefore even if a successful "eggshell" victim prosecution for felony battery would arguably satisfy the "realistic probability" test for § 16(a), the existence of such rare prosecutions would not suffice to show that they represented the "ordinary" prosecution for purposes of a "substantial risk" analysis under § 16(b).

Like the Immigration Judge, we can imagine the possibility of a State prosecution for felony battery where violent physical force was not involved but the victim suffered great bodily injury because of a preexisting physical condition or frailty. However, we are not aware of any such successful prosecutions under this Florida statute. Nor are we convinced that they would constitute the "ordinary case."

## III. CONCLUSION

We conclude that in determining whether a conviction is for an aggravated felony crime of violence under 18 U.S.C. § 16(b), the proper inquiry is whether the conduct encompassed by the elements of the offense presents a substantial risk that physical force may be used in the course of committing the offense in the "ordinary case." Applying this "ordinary case" analysis, we determine that felony battery under section 784.041(1) of the Florida Statutes is categorically a crime of violence under § 16(b). The respondent is therefore removable as charged. Accordingly, we will remand the record for the Immigration Judge to designate a country of removal and enter an appropriate order. Although the respondent does not appear to have sought any relief from removal since our prior remand for that purpose, the Immigration Judge may determine whether to give the

respondent another opportunity to request any relief for which he may be eligible.

**ORDER:**  The Immigration Judge's April 2, 2014, decision is vacated and the removal proceedings are reinstated.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.