JORDAN, Circuit Judge,
concurring:
I join Judge Rosenbaum’s opinion for the court in full and add the following comments.
In three unpublished cases, we have previously held that the crime of felony battery in Florida, as set forth in Fla. Stat. § 784.041, has as an element “the use, attempted use, or threatened use of physical force against the person of another.” See United States v. Eady, 591 Fed.Appx. 711, 719 (11th Cir. 2014); United States v. Eugene, 423 Fed.Appx. 908, 911 (11th Cir. 2011); United States v. Crawford, 568 Fed.Appx. 725, 728 (11th Cir. 2014). Although these decisions are not binding, see 11th Cir. R. 36-2, I write separately to explain why they are flawed and do not constitute persuasive authority.
In Eady (a case where I served on the panel), we held that felony battery under §784.041 qualified as a “violent felony” under the elements clause of the ACCA. See 591 Fed.Appx. at 719. Our elements clause analysis in Eady, however, started from the incorrect premise that Florida’s felony battery statute “has a single, indivisible set of elements,” and that “hitting” was the least culpable conduct under the *1099 statute. See id. at 719-20 (“It is incorrect to say that a person can ‘actually and intentionally’ hit another person and cause ‘great bodily harm, permanent disability, or permanent disfigurement’ without using ‘force capable of causing physical pain or injury.’ ”) (emphasis in the original). Eady is wrong because the Supreme Court has explained that the first element for Florida simple battery (which is the same for Florida felony battery) is divisible and can be accomplished by any intentional touching, “no matter how slight.” See Johnson v. United States, 559 U.S. 133, 138, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (citing State v. Hearns, 961 So.2d 211, 218 (Fla. 2007)). Eady therefore is not persuasive here.
In Eugene, we recognized that felony battery under § 784.041 can be committed by any intentional touching yet held that it categorically qualified as a “crime of violence” under U.S.S.G § 4B1.2(a)(l), the career offender guideline. See 423 Fed.Appx. at 911. But we did not perform an elements clause analysis in Eugene. Nor did we explore the possibility that a touch as insignificant as a tap on the shoulder can satisfy the first element of the offense. Instead, we concluded that “each touching that violates the felony battery statute is not only capable of causing physical pain or injury to another person ... it must also actually cause great or permanent physical harm or injury to another person.” See id. (internal quotation marks omitted). As we now explain in more detail, § 784.041’s second element—“[c]aus[ing] great bodily harm, permanent disability, or permanent disfigurement”—on its own does not change the nature of the first element that we know encompasses even the “slightest unwanted physical touch.” See Johnson, 559 U.S. at 137, 130 S.Ct. 1265.
And finally, in Crawford we summarily concluded, without any analysis, that Florida felony battery satisfied the definition of “violent felony” under the ACCA. See 568 Fed.Appx. at 728 (citing the elements clause under 18 U.S.C. § 924(e)(2)(B)(i) without explanation). It goes without saying that Crawford, which is bereft of analysis, does not help us to resolve the issue here.
In sum, our three unpublished opinions in Eady, Eugene, and Crawford fall short of persuasively explaining how a Florida felony battery by any intentional touching-including a tap or even a tickle—can categorically satisfy the definition of “crime of violence” under the elements clause of §2L1.2. I therefore agree that Florida felony battery under § 784.041 does not categorically have as an element “the use, attempted use, or threatened use of physical force against the person of another” when it is committed by a mere touching. Because §784.041 is divisible, our decision leaves open the possibility that a district court may use the modified categorical approach in a case where Shep-urd-approved documents confirm that the defendant’s felony battery conviction was based on the striking of another. That approach was not available here due to the absence of such documents.