NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CENOBIO ACUNA RODRIGUEZ,<br><br>             Petitioner,<br><br>  v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>             Respondent. | No.   13-71602<br><br>Agency No. A091-613-623<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2018[**]
Pasadena, California

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and STEEH,[***] District
Judge.

Cenobio Acuna Rodriguez petitions for review of the Board of Immigration

Appeals' ("BIA") dismissal of his appeal from an immigration judge's entry of a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

final order of removal. He argues only that the BIA erred in concluding that he is ineligible for cancellation of removal because he was previously convicted of a "crime of violence." *See* 8 U.S.C. §§ 1101(a)(43)(F), 1227(a)(2)(A)(iii), 1229b(b)(1)(C); 18 U.S.C. § 16.

Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

## I

By adopting its earlier decision in *Matter of Martinez*, 25 I. & N. Dec. 571, 573–74 (BIA 2011), the BIA determined that Rodriguez's conviction under Cal. Penal Code § 220 categorically qualifies as a crime of violence under both the so-called "elements clause" of 18 U.S.C. § 16(a) and the so-called "residual clause" of § 16(b). The Supreme Court has since held that the residual clause is void for vagueness, and Rodriguez is correct that § 16(b) may no longer serve as a valid basis to support the BIA's decision. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018). We may nonetheless uphold that decision if Rodriguez's conviction still qualifies as a crime of violence under § 16(a). *See, e.g., United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1066–71 (9th Cir. 2018).

## II

Although Rodriguez contends generally that the BIA erred in holding that Cal. Penal Code § 220 is a crime of violence under § 16, his brief has focused only

on the BIA's analysis under § 16(b). Rodriguez argued that § 16(b) is unconstitutional, but he altogether failed to address whether the BIA was correct to hold that his conviction *also* is a crime of violence under § 16(a)—even after the government raised this issue in its response brief. Rodriguez has therefore waived any challenge to the BIA's § 16(a) determination. *See, e.g.*, *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) ("[Petitioner] has waived his challenge to the BIA's denial of his motion to reopen by failing to argue it in his brief."); *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1069 n.1 (9th Cir. 2008) (court will not manufacture arguments for the appellant); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues mentioned but not argued in petitioner's opening brief are waived).

**PETITION FOR REVIEW DENIED.**